UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRACIE MITCHEM-GREEN,

    Petitioner,

v.    CASE NO. 3:25-cv-964-MMH-SJH

SCOTT HARRIS, et al.,

    Respondents.
_____/

## AMENDED REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on Tracie Mitchem-Green's ("Petitioner") amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application"). Doc. 24. The undersigned respectfully recommends that the Application be **denied** and that this action be **dismissed without prejudice**.

Petitioner initiated this action by filing a Petition for Writ of Mandamus ("Petition") against the Supreme Court of the United States ("Supreme Court") and Scott Harris, Robert Meek, and Angela Jimenez, in their respective capacities as clerk and clerk representatives for the Supreme Court ("Clerks"). Doc. 1. Thereafter, Petitioner filed an amended complaint against the Supreme Court and the Clerks. Doc. 8.

On August 28, 2028, the undersigned entered a Report and Recommendation recommending that Petitioner's application to proceed *in forma pauperis* ("IFP") be

denied and this action be dismissed for lack of subject-matter jurisdiction. Doc. 13. Thereafter, Petitioner filed *inter alia* objections to the Report and Recommendation, Doc. 18, the amended Application, Doc. 17 at 3-8, and a motion to amend her pleading and her petition for writ of mandamus, Doc. 16.

On September 22, 2025, the Court granted Petitioner's motion for leave to amend her pleading and directed the filing of her proposed amended pleading, Doc. 16-1 ("Pleading"), and amended petition ("Petition"), Doc. 16-2, as separate documents; the Court also denied as moot Petitioner's amended application to proceed IFP based on the amended Application. Doc. 21. Given the amended and now-operative Pleading, Doc. 22, Petition, Doc. 23, and Application, Doc. 24, the undersigned enters this Amended Report and Recommendation.

The Court may allow a party to proceed without prepayment of fees or costs where such party has demonstrated through the filing of an affidavit that the party is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "While a litigant need not show that she is 'absolutely destitute' to qualify for *pauper* status under Section 1915, a litigant does need to show an inability 'to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependents.'" *Jones v. Phillips*, No. 3:23-cv-323-TJC-MCR, 2023 WL 3309466, at *1 (M.D. Fla. Apr. 6, 2023), *report and recommendation adopted*, 2023 WL 3304262 (M.D. Fla. May 8, 2023).

Even if a motion sufficiently demonstrates a party meets the financial criteria to

proceed IFP,[1] however, the Court is also obligated to review the case pursuant to § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] The Court must also *sua sponte* dismiss an action if it determines at any time it lacks subject-matter jurisdiction. *See Heichberger v. Baerman*, No. 3:19-cv-287-J-34JRK, 2019 WL 2109522, at *1 (M.D. Fla. Apr. 8, 2019), *report and recommendation adopted*, 2019 WL 2103023 (M.D. Fla. May 14, 2019); *see also Bailey v. Silberman*, 226 F. App'x 922, 923-24 (11th Cir. 2007).

Considering subject-matter jurisdiction first, Petitioner filed the Petition seeking a writ of mandamus against the Supreme Court and the Clerks. Doc. 1. The amended Pleading and amended Petition seek similar relief against the same parties. Docs. 22 and 23.

Petitioner primarily invokes jurisdiction under 28 U.S.C. § 1361 ("§ 1361"). Doc. 22 at 3; *see also* Doc. 23 at 1.[3] Section § 1361 provides: "The district courts shall

---

[1] It is not clear that Petitioner meets the financial criteria to proceed IFP. Regardless, as set forth herein, this action is due to be dismissed for lack of subject-matter jurisdiction.

[2] Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015); *Carvel v. Godley*, 404 F. App'x 359, 361 (11th Cir. 2010). Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

[3] Petitioner originally asserted jurisdiction solely under § 1361. Doc. 8 at 3. Petitioner continues to assert jurisdiction under § 1361 in the now-operative Pleading, though Petitioner now also invokes certain additional statutes (discussed below). Doc. 22 at 3.

have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'"[4] But § 1361 "does not apply to courts or to court clerks performing judicial functions" and thus this Court "lack[s] jurisdiction" over a mandamus petition against the Supreme Court and/or the Clerks, who are sued in their capacities as clerks of the Supreme Court. *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243, 1246-47 (10th Cir. 2007) (holding "the district court lacked subject-matter jurisdiction under § 1361 insofar as Mr. Trackwell sought relief from the Clerk [of the Supreme Court] in his official capacity" and noting that "[f]or a district court to issue a writ of mandamus against an equal or higher court would be remarkable"); *see also Gallagher v. United States*, No. 18-cv-2153 (UNA), 2018 WL 5817357, at *1 (D.D.C. Nov. 5, 2018) (Jackson, J.) (dismissing for lack of jurisdiction a mandamus petition that "is difficult to follow but appears to seek to compel action in cases pending in other courts"); *Baxter v. United States*, No. 18-cv-60480, 2018 WL 11229145, at *1 (S.D. Fla. May 10, 2018) ("The powers granted under 28 U.S.C. § 1361 extend only to mandamus actions filed against officers and employees of the executive branch. The Act does not grant a district court authority to issue writs against its judicial officers or other federal

---

[4] The undersigned notes that the All Writs Act, 28 U.S.C. § 1651, which has not been cited by Petitioner, "'does not create any substantive federal jurisdiction. Instead, it is a codification of the federal courts' traditional, inherent power to protect the jurisdiction they already have, derived from some other source.'" *Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1263 (11th Cir. 2021); *see also Cauthon v. Simmons*, 74 F.3d 1248, 1996 WL 3919, at *1 (10th Cir. 1996) ("Because the district court lacked jurisdiction to issue a mandamus writ pursuant to Section 1361, it also lacked any jurisdiction to issue a writ pursuant to Section 1651 because the court had no other grounds upon which it could maintain jurisdiction over Petitioner's Section 1651 request."). Nor are the Clerks and/or the Supreme Court otherwise within this Court's jurisdiction.

4

courts.") (internal citations omitted), *report and recommendation adopted*, 2018 WL 11229138 (S.D. Fla. May 31, 2018); *cf. Duplantier v. United States*, 606 F.2d 654, 664 (5th Cir. 1979)[5] (declining to extend reach of 28 U.S.C. § 1391(e) "beyond the executive branch" because such "might bring about absurd consequences" such as resulting, "for example, in an individual federal judge or clerk being liable to defend a lawsuit anywhere a federal court sits"). This fundamental jurisdictional defect was explained in the prior Report and Recommendation, Doc. 13, and it remains uncured (and uncurable) in the since-amended Pleading.

  Finally, Plaintiff also attempts to assert jurisdiction under 18 U.S.C. §§ 1001, 1505, and 2331; 34 U.S.C. § 10272; and Fed. R. Civ. P. 60. Doc. 22 at 3. But criminal statutes do not ordinarily create private rights of action or afford an avenue for a private party's standing to sue. *E.g.*, *Tillman v. Lawrimore*, No. 21-11471, 2022 WL 678903, at *5 (11th Cir. Mar. 8, 2022) ("[O]nly the government can charge someone with a violation of the [criminal] statute. [The plaintiff] cannot use it in a civil suit … [in] that federal law does not create a 'private right of action any time a civil plaintiff' alleges the violation of a federal criminal statute[.]" (citation omitted)). Those cited by Petitioner are no exception. *See, e.g., id.* (holding no private right of action under 18 U.S.C. § 1001); *Hawthorne v. McCarthy*, No. 5:16-cv-01525-HNJ, 2020 WL 836840, at *7 (N.D. Ala. Feb. 20, 2020) (collecting authority that neither 18 U.S.C. § 1001 nor §

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

1505 confer a private right of action); *Shivananjappa v. Bhayani*, No. 21-cv-17005-KM-ESK, 2021 WL 4988530, at *4 & n.6 (D.N.J. Oct. 27, 2021) (finding no private right of action under 34 U.S.C. § 10272); *Cowe v. Emory Univ. Hosp.*, No. 1:17-cv-4228-ELR, 2018 WL 11238510, at *2 (N.D. Ga. June 5, 2018) (finding no private right of action under 18 U.S.C. § 2331).[6] Similarly, Fed. R. Civ. P. 60 is a procedural rule that does not independently confer jurisdiction. *See* Fed. R. Civ. P. 82.

For the foregoing reasons, subject-matter jurisdiction is lacking and this action is due to be dismissed without prejudice.[7] *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Any further opportunity to amend is unnecessary, as Petitioner has already amended the Pleading in response to the prior Report and Recommendation, and would be futile, as the statutes invoked by Plaintiff to not give rise to subject-matter jurisdiction in this Court. *See Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021).

Accordingly, it is **respectfully recommended** that:

1. The Application (Doc. 24) be **denied**.

2. This action be **dismissed without prejudice**, and the Clerk of Court be **directed** to terminate any pending motions and deadlines and close this file.

---

[6] Indeed 18 U.S.C. § 2331 merely contains definitions. *See Jones v. Ramos*, No. 5:22-cv-482-GAP-PRL, 2023 WL 3234334, at *5 (M.D. Fla. Feb. 6, 2023), *report and recommendation adopted*, 2023 WL 3225057 (M.D. Fla. May 3, 2023). Though 18 U.S.C. § 2333(a) provides a cause of action in certain circumstances, such are not implicated by the Pleading.

[7] This Report and Recommendation is not meant to address all potential deficiencies in the Pleading.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on September 24, 2025.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard, United States District Judge

*Pro Se* Party