UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRACIE MITCHEM-GREEN,

    Petitioner,

vs.      Case No. 3:25-cv-964-MMH-SJH

SCOTT HARRIS, et al.,

    Respondents.

_____/

# O R D E R

**THIS CAUSE** is before the Court on the Amended Report and Recommendation (Dkt. No. 25; Report), entered by the Honorable Samuel J. Horovitz, United States Magistrate Judge, on September 24, 2025. In the Report, Judge Horovitz recommends that Petitioner's Amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Dkt. No. 24; Motion) be denied and that this case be dismissed without prejudice for lack of subject matter jurisdiction. See Report at 1, 6. Petitioner filed objections to the Report on October 3, 2025. See Petitioner's Objections to the September 24, 2025 Proposed Findings and Recommendations (Dkt. No. 27; Objections). The matter is ripe for the Court's review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 7.

In the Objections, Petitioner seeks various forms of relief including consolidation of this action with another case pending in this Court. See generally Objections. Petitioner does not, however, dispute the Magistrate Judge's conclusion that the Court lacks subject matter jurisdiction over this action. See id. Upon review, the Court concludes that the Magistrate Judge correctly determined that Petitioner has failed to plead any basis for the Court to exercise subject matter jurisdiction over this action, and it should therefore be dismissed. Accordingly, the Court will overrule the Objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

In light of the foregoing, it is hereby

**ORDERED:**

1. Petitioner's Objections to the September 24, 2025 Proposed Findings and Recommendations (Dkt. No. 27) are **OVERRULED**.

2. The Magistrate Judge's Amended Report and Recommendation (Dkt. No. 25) is **ADOPTED** as the opinion of the Court.

3. Petitioner's Amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Dkt. No. 24) is **DENIED**.

4. This case is **DISMISSED without prejudice**.

5. The Clerk of Court is directed to enter judgment dismissing this case, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 8th day of October, 2025.

_____
MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Party